IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN J. GIESWEIN,

Petitioner,

vs.                                                                                   Case No. 16-cv-00104-DRH

WARDEN WALTON,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Shawn Gieswein is currently incarcerated in the U.S. Penitentiary at Marion, Illinois ("Marion"), located within the Southern District of Illinois. He is serving a 240-month sentence for possession of a firearm by a convicted felon, and a concurrent 120-month sentence for witness tampering. *United States v. Gieswein*, Case No. 07-cr-120 (W.D. Okla. Nov. 27, 2007), *aff'd*, 346 F. App'x 293 (10th Cir. 2009).

On January 6, 2011, Gieswein filed a motion pursuant to 28 U.S.C. § 2255, raising ten distinct challenges to his conviction and sentence. That motion was denied on July 21, 2011. *Gieswein v. United States*, Case No. 11-cv-21 (W.D. Okla. July 21, 2011); *United States v. Gieswein*, Case No. CR-07-120-F (W.D. Okla. Feb. 7, 2011). He then twice sought permission from the Tenth Circuit to bring a second or successive § 2255 motion, but both attempts failed. *In re Gieswein*, Case No. 133-6022, (10th Cir. Feb. 21, 2013); *In re Gieswein*, Case No. 13-6206, (10th Cir. Sept. 24, 2013).

Gieswein filed a petition under 28 U.S.C. § 2241 in this district on May 6, 2014. In it, he challenged the enhanced sentence he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(e)(2), for his 2000 lewd molestation of a minor relative conviction and 1995 destruction of an automobile by an explosive device conviction, based on the reasoning in *Begay v. United States*, 553 U.S. 137 (2008) (holding that the felony offense of driving under the influence of alcohol is not a violent felony within the meaning of the ACCA). He also relied on *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013); *United States v. Caceres-Olla*, 738 F.3d 1051 (9th Cir. 2013); and *United States v. Goodpasture*, 595 F.3d 670 (7th Cir. 2010). Each of these cases held that similar sexual offenses were not "violent felonies." This Court dismissed the petition on the basis that none of the precedents cited established a new rule of statutory interpretation. *Gieswein v. Walton*, Case No. 14-515 (S.D. Ill. May 30, 2014). The Seventh Circuit affirmed this Court's decision. *Gieswein v. Walton*, Case No. 14-2247 (7th Cir. July 29, 2014). The appellate court also denied Gieswein's petition for rehearing. *Gieswein v. Walton*, Case No. 14-2247 (7th Cir. Sept. 3, 2014).

On January 28, 2016, Gieswein filed another petition for writ of habeas corpus with this Court.[1] In this petition, he again challenges his enhanced sentence under the ACCA, arguing that his convictions for destruction-by-

---

[1] Gieswein was not idle in the interim between his filing of his prior and present habeas petitions with this Court. In April 2014 and September 2015, the Oklahoma district court dismissed Gieswein's motion to reduce sentence under 18 U.S.C. § 3582(c), *United States v. Gieswein*, No. CR-07-120-F (W.D. Okla. Apr. 17, 2014), and to vacate under § 2255, *United States v. Gieswein*, No. CR-07-120-F (W.D. Okla. Sep. 9, 2015), for lack of jurisdiction. The Tenth Circuit denied his motion for authorization to file a second or successive § 2255 motion. *In re Gieswein*, Case No. 15-6138 (10th Cir. Sep. 21, 2015).

explosive-device and lewd molestation should not have been counted as "crimes of violence" within the meaning of the ACCA, pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

The Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a

federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Webster v. Daniels*, 784 F.3d 1123, 1135-36 (7th Cir. 2015). The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) ("'[I]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following its decision in *Davenport*, a petitioner must show that (1) he relies on a new statutory interpretation case rather than a constitutional case, (2) he relies on a decision that he could not have invoked in his first § 2255 motion and that applies retroactively, and (3) there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Gieswein relies almost entirely on *Johnson*, 135 S.Ct. 2551, in bringing the instant challenge to his sentence.[2] The Supreme Court in *Johnson* held that

---

[2] Petitioner also relies on *Begay*, 553 U.S. 137, and its application by the Eleventh Circuit in *Mackey v. Warden*, 739 F.3d 657 (11th Cir. 2014). This Court, however, has previously demonstrated why *Begay* does not afford petitioner relief in this context. *See Gieswein v. Walton*, Case No. 14-515 (S.D. Ill. May 30, 2014).

imposing an increased sentence under the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the residual clause is unconstitutionally vague. *Id*. On August 4, 2015, the Seventh Circuit held that *Johnson* announces a new substantive rule of *constitutional* law that is retroactively applicable in a collateral attack on a final conviction, and the Seventh Circuit granted a prisoner's request to file a second or successive § 2255 petition on the basis of *Johnson*. *See Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (authorizing prisoner to file successive § 2255 petition because "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions"). *Price* indicates that a motion filed pursuant to § 2255 is the primary vehicle for seeking relief based on *Johnson*. *Id*.; *Stork v. United States*, No. 15-2687, 2015 WL 5915990, at *1 (7th Cir. Aug. 13, 2015) (citing *Price* and authorizing district court to consider second or successive § 2255 petition based on *Johnson* argument).

*Johnson* does not open the door to relief for Gieswein at this time because the decision fails to satisfy the first *Davenport* requirement: it is *not* a new statutory interpretation case; rather, it announces a new rule of constitutional law. *Price*, 795 F.3d at 732. Therefore, it does not provide a basis for relief under § 2241. *See Brown*, 719 F.3d at 586. Accordingly, Gieswein does not qualify to use the "savings clause" under § 2255(e), and his petition must be dismissed

without prejudice.[3]

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** without prejudice.

The **CLERK** is **DIRECTED** to **CLOSE** this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from

---

[3] The Court notes, however, that Gieswein has sought permission to file a second or successive § 2255 motion with the Tenth Circuit since filing this present petition. *See United States v. Gieswein*, Case No. 16-6038 (10th Cir. Feb. 8, 2016).

this petition brought under §2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: February 24, 2016**

Digitally signed by
Judge David R.
Herndon
Date: 2016.02.24
08:42:28 -06'00'

**United States District Court**